# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RANDALL CLOUGH,

      **Plaintiff,**

v.                                                 **Case No: 6:18-cv-2069-Orl-41GJK**

MCCLURE CONSTRUCTION CO.,
LLC,

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S SECOND MOTION FOR DEFAULT FINAL JUDGMENT AND FOR ATTORNEY'S FEES AND COSTS** (Doc. No. 14) |
| **FILED:** | **March 18, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

On November 30, 2018, Plaintiff filed a Complaint against Defendant for violation of the Fair Labor Standards Act ("FLSA"), breach of contract, and unjust enrichment. Doc. No. 1. Plaintiff alleges he is an FLSA non-exempt worker employed by Defendant, a construction and roofing company, who has been denied minimum wage and overtime pay as required by law. Doc. No. 1 at 1. Plaintiff alleges he engaged in interstate commerce for Defendant, that Defendant is

engaged in interstate commerce, and Defendant has annual gross income of sales made or business done of not less than $500,000.  Doc. No. 1 at 2-3.  Plaintiff alleges that he was employed by Defendant beginning August 6, 2018 as a roofer, earning an hourly wage of $35 plus half overtime premium for overtime hours worked.  Doc. No. 1 at 3.  Plaintiff alleges that for the week ending October 13, 2018, Plaintiff worked 40 hours but his paycheck bounced and Defendant refuses to compensate him for his hours worked for that week.  Doc. No. 1 at 4.  Similarly, Plaintiff alleges Defendant refused to pay him for wages earned for the week ending October 27, 2018, a total of 42 hours.  Doc. No. 1 at 4.  Plaintiff alleges he has complied with all conditions precedent in bringing suit.  Doc. No. 1 at 4.

On December 4, 2018, Defendant was served via its registered agent in Delaware.  Doc. No. 7.  A return of service was filed on December 5, 2018.  Doc. No. 7.  On January 11, 2019, Plaintiff filed a motion for entry of clerk's default.  Doc. No. 10.  A Clerk's default was entered on January 14, 2019.  Doc. No. 11.

On January 23, 2019, Plaintiff filed a Motion for Entry of Judgment After Default seeking a judgment for his unpaid wages, liquidated damages, attorney's fees, and costs.  (the "Motion for Default").  Doc. No. 12.  On February 22, 2019, the Court entered an order denying the Motion for Default, because Plaintiff could not receive his full measure of damages for his wages based solely on his FLSA claim and Plaintiff did not seek default judgment based on his breach of contract claim.  Doc. No. 13.  On March 18, 2019, Plaintiff filed a Second Motion for Default Final Judgment (the "Motion").  Plaintiff seeks a default judgment against Defendant pursuant to the FLSA, his breach of contract claim for unpaid wages, attorney's fees and costs.  Doc. No. 14.  Plaintiff has attached his affidavit, copies of the bounced check, and a declaration of counsel to his Motion.  Doc. No. 14-1 and 14-2.

## II.      APPLICABLE LAW.

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.  Fed. R. Civ. P. 55(a).  The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered.  *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal.  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

Federal Rule of Civil Procedure Rule 55(b)(2) provides the Court with the authority to enter a default judgment.  "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *Directv, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1129 (M.D. Ala. 2004) (citing *Directv, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003)).

To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, the plaintiff must demonstrate the following: 1) the defendant employed him; 2) either (a) the defendant was engaged in interstate commerce, or (b) the defendant is an enterprise engaged in interstate commerce; 3) the plaintiff worked over forty hours a week; and 4) the defendant did not pay him all of his overtime wages. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

n.68 (11th Cir. 2008). To prevail on a claim for minimum wage compensation under FLSA, the plaintiff must establish the first two elements listed above, and, instead of the last two elements, establish that the defendant did not pay him the minimum wage. *Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc.*, No. 6:08–cv–926–Orl–31KRS, 2009 WL 1607809, at *3 (M.D. Fla. June 9, 2009).  "Plaintiff need only state the nature of his work, the nature of Defendant's business, and provide allegations connecting his work to interstate commerce." *Sanchez v. Green Medal Lawn Maint., LLC*, No. 6:13-cv-399, 2014 U.S. Dist. LEXIS 69118 at *7-8 (M.D. Fla. May 1, 2014) (citing *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012)).

A plaintiff may establish his or her damages by affidavit. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)  ("Damages may be awarded only if the record adequately reflects the basis for [an] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'") (*quoting United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).  Additionally, "employees who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith." *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012) (citing *Dybach v. Fla. Dep't of Corrections*, 942 F.2d 1562, 1566-67 (11th Cir. 1991)).

In order to establish a breach of contract, a plaintiff must prove:  "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009).  An injured party is entitled to damages that "naturally flow from the breach and can be said to have been contemplated by the parties at the time the contract was entered into." *Ramirez v. Raptor Tech. Group, Inc.*,  5:12-cv-

100, 2012 U.S. Dist. LEXIS 91830, at *11 (quoting *Mnemonics, Inc. v. Max Davis Assocs.*, 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002)).

29 U.S.C. § 216(b) provides that a court, in any judgment awarded to a plaintiff, shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In FLSA cases, courts may tax those costs permitted by 28 U.S.C. § 1920. *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (finding that "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A § 1920.").

## III.   ANALYSIS.

### A.     FLSA Damages.

The well-pleaded allegations of Plaintiff's Complaint establish that Plaintiff was an FLSA non-exempt employee that was not paid for work performed for Defendant and that Defendant is otherwise subject to the FLSA. Doc. No. 1. Plaintiff alleges entitlement to unpaid wages and liquidated damage pursuant to the FLSA. Doc. No. 1. These allegations provide a sufficient basis for the Court to enter a default judgment in favor of Plaintiff on his minimum wage FLSA claim. Plaintiff has not requested a default judgment for the overtime pay alleged to be due in his Complaint. Doc. No. 14. As Defendant failed to answer, Defendant has not affirmatively demonstrated that it acted in good faith.

Plaintiff's affidavit indicates that he was not paid for 40 hours of work at a minimum wage of $7.25 per hour for a total of $290.00 in unpaid wages. Doc. No. 14-1 at 2. Plaintiff attaches a copy of the check issued by Defendant for his wages for the week of October 7-13, 2018 that bounced. Doc. No. 14-1 at 3. Plaintiff's affidavit also seeks an equivalent amount in liquidated damages for a total award of $580.00. Doc. No. 14-1 at 2.

29 U.S.C. § 206(a)(1)(C) (2016) states that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce . . . or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than . . . $7.25 an hour . . . ." Plaintiff is entitled to an equal amount as liquidated damages for his minimum wage claim. 29 U.S.C. § 216(b). Accordingly, Plaintiff is entitled to an award of his unpaid minimum wage at $7.25 per hour for forty hours of work for a total of $290.00 under the FLSA. Plaintiff is also entitled to an equal amount, $290.00, as liquidated damages. Thus, Plaintiff is entitled to a total amount of $580.00 under the FLSA for his unpaid wage claim.

B.     Breach of Contract.

Plaintiff seeks the balance of his unpaid wages based on his breach of contract claim. Doc. Nos. 1, 14-3. As the default serves to admit all well-pleaded allegations, Defendant admits it employed Plaintiff during the relevant time period and orally agreed to pay Plaintiff $35.00 per hour in wages for his work as a roofer. Doc. Nos. 1, 14 at 3. Plaintiff's affidavit provides sufficient evidence to establish he worked 40 hours the week of October 7, 2018 through October 13, 2018. Doc. No. 14-1. Accordingly, Plaintiff is entitled to an award of his unpaid wages, in excess of those awarded under the FLSA, of $27.75 per hour for forty hours of work for a total of $1,110.00.[2] *Ramirez*, 2012 U.S. Dist. LEXIS 91830, at *11.

C.     Attorney's Fees.

In addition to his unpaid wages and liquidated damages, Plaintiff also seeks reasonable attorney's fees of $2,321.50. Doc. No. 14 at 3. In support of his attorney's fees request, Plaintiff

---

[2] Plaintiff calculates his remaining unpaid wages at $1,100.00, however, $27.75 per hour for forty hours of work calculates out to $1,110.00. Doc. No. 14-1.

has submitted the sworn declaration of counsel.  Doc. No. 14-2.  Plaintiff's counsel, James Loren, seeks an hourly rate of $275 per hour for himself, and $215 per hour for his associate, Rachel Rustmann, for a total of 10.1 hours billed in this matter, 2.5  for attorney Loren and 7.6 hours for attorney Rustmann.  Doc. No. 14-2 at 2.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained."  *Id*. at 434. In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.  *Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

"The [fee] applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Auth. of Montgomery*, 836 F. 2d 1292, 1303 (11th Cir. 1988).  Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and costs incurred are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . .  **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.**  Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Id.* at 1299 (emphasis added).   However, the Court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award.  *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)**;** *Norman*, 836 F. 2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

Plaintiff's counsel filed a detailed time sheet showing the total amount of time, 10.1 hours, they worked on the case. Doc. No. 14-2 at 4. Attorney Loren has been licensed to practice law since 1995, and maintains a multi-state employment law practice. Doc. No. 14-2 at 2. His current rate is $400 per hour which is in accordance with that customarily charged by attorneys with his skill and experience. Doc. No. 14-2 at 2. Attorney Rustmann, an associate in the same firm, bills $350.00 per hour. Doc. No. 14-2 at 2. However, counsel's hourly rates have been reduced to $275.00 and $215.00, respectively for the purposes of this Motion. Doc. No. 14-2 at 2. Counsel avers that both the rates claimed and the hours expended are reasonable. Doc. No. 14-2 at 2. The Court finds that the hourly rates for counsel, as well as the time expended, are reasonable.

      D.    <u>Costs</u>.

Counsel has submitted an affidavit itemizing the costs sought, including a $400 filing fee and $65 for service of process. Doc. No. 14-2 at 3-4. In FLSA cases, courts may tax those costs permitted by 28 U.S.C. § 1920. *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (finding that "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A § 1920."). The filing fee and fees for service of process are recoverable and reasonable. 28 U.S.C. § 1920(1).

Accordingly, it is **RECOMMENDED** that:

1.      The Motion (Doc. No. 14) be **GRANTED**;  and

2.       A Final Default Judgment be entered against Defendant in favor of Plaintiff for $580.00 in FLSA damages, $1,110.00 for breach of contract, $2,321.50 in attorney's fees and $465.00 in costs.

A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.

**DONE** and **ORDERED** in Orlando, Florida, on March 25, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties